March 15, 1993 [NOT FOR PUBLICATION]

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 92-2258

MELVIN A. BROWN,

Plaintiff, Appellant,

v.

CHICOPEE FIRE FIGHTERS, LOCAL 1710, IAFF, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Frank H. Freedman, U.S. District Judge]

Before

Torruella, Cyr and Stahl,
Circuit Judges.

Melvin A. Brown on brief pro se.

Marshall T. Moriarty, Craig D. Robinson, and Maskell & Moriarty,

on brief for appellees.

Per Curiam. Melvin A. Brown appeals pro se from

the district court's dismissal of his claims against the

Trial Court of Massachusetts, District Court Department,

Springfield Division, Small Claims Department and the Trial

Court of Massachusetts, District Court Department, Small

Claims Sessions, Chicopee Trial Court, state court

defendants, for lack of subject matter jurisdiction,

dismissal of his federal constitutional claims against

Chicopee Fire Fighters Local 1710 (the "Union") as time-

barred, and dismissal without prejudice of his state law

claims against the Union. The district court dismissed

appellant's claims in two thorough and well-reasoned opinions

dated October 8, 1991 and September 17, 1992. We affirm

based on those opinions. We add only the following comments.

On appeal, Brown's central contention is that the

district court mischaracterized his fair representation claim

as a state law claim. The district court determined that the

National Labor Relations Act did not apply to appellant, as a

municipal employee, and that, therefore, the fair

representation claim could only be brought pursuant to Mass.

Gen. L. ch. 150E. Appellant argues, however, that by

breaching its statutory obligation to provide fair

representation, the Union violated his constitutional rights

to due process of law. Therefore, he contends, the district

court has jurisdiction over the claim. Furthermore, since

the failure to represent is a "continuing event," continuing

into the present time, appellant argues, the statute of

limitations period has not yet begun to run, much less

expired.

Appellant has failed to state a federal claim with

respect to his assertion that he was denied fair

representation by the Union. Therefore, the district court

did not err in dismissing his fair representation claim for

lack of subject matter jurisdiction once it had dismissed all

of appellant's federal claims. The Union's obligation to

fairly represent appellant, if any, derives solely from state

statutory law. As the district court stated in its September

17, 1991 Memorandum and Order:

The rights of public employees in
Massachusetts are governed by the Public
Employee Collective Bargaining statute,
Mass. Gen. L. ch. 150E. Under chapter
150E, public employees may initiate
failure to represent actions with either
the Massachusetts Labor Relations
Commission or in the state court. See

Graham v. Quincy Food Serv. Employees

Ass'n, 407 Mass. 601 (1990); Leahy v.

Local 1526, American Fed'n of State,

County & Mun. Employees, 399 Mass. 341

(1987).

There is no federal constitutional right to fair

representation.1 Therefore, appellant has failed to state a

1. As the district court correctly concluded, appellant, as
a municipal employee, and the Union, as a municipal union,
are excluded from the National Labor Relations Act, 29 U.S.C.
185(a), and therefore appellant does not have a federal
statutory right to fair representation.

-3-

claim pursuant to 1983 of deprivation of a constitutional

right by the Union's alleged breach of its obligation under

state law to fairly represent him. "Mere alleged misuse or

disregard of state law by state officials does not constitute

a deprivation of property without constitutional due process

of law." Malachowski v. City of Keene, 787 F.2d 704, 708 (1st

Cir.) (citations omitted), cert. denied, 479 U.S. 1022

(1986). Thus, the district court did not err in dismissing

appellant's fair representation claim as a state law claim.

Because we find that appellant failed to state a federal

claim, we need not decide when the statute of limitations

begins to run on appellant's failure to represent claim.

Affirmed.

-4-
4